UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHALIKQUWA RAJENE MCCOY,

                Plaintiff,

-against-

MEGABUS NORTHEAST, LLC, COACH LEASING, INC, and ANGEL H. SARMIENTO,

                Defendants.

CIVIL ACTION NO.:
13-CV-6630

**DECLARATION OF
JEFFREY S. GLASSMAN**

---

Pursuant to 28 U.S.C. § 1746, JEFFREY S. GLASSMAN, declares under penalty of perjury that the following is true and correct.

1. I am an attorney duly licensed to practice law under the laws of the State of New York and am admitted to practice before the Courts of this District. I am an associate with the law firm Gallo Vitucci Klar LLP, attorneys for Defendants in this action and am familiar with the facts and circumstances of this file.

2. Attached hereto as **Exhibit "A"** is an operative record from Kingsbrook Jewish Medical Center for plaintiff Shalikquwa McCoy, showing that on February 21, 2013 plaintiff underwent right knee arthroscopic surgery for an injury claimed to be related to the December 22, 2011 accident giving rise to this lawsuit. Defense counsel was apprised of the existence of the aforesaid record on or about November 21, 2013.

3. Attached hereto as **Exhibit "B"** are compiled records from Cornelia Pain Management & Rehab for plaintiff, showing that during the month of February 2012 she underwent four separate nerve block injections at various locations of her lumbar spine. Defense counsel was also apprised of these records on or about November 21, 2013.

4. Attached hereto as **Exhibit "C"** is Plaintiff's Summons and Verified Complaint. The Verified Complaint fails to set forth a sum certain in damages; rather, plaintiff only "demands judgment against the Defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction…". Pursuant to Article 15 of the New York State Constitution, and the Uniform Rules for New York State Trial Courts, the jurisdictional minimum for commencing a matter in Supreme Court is $25,000. Defense counsel received Plaintiff's Summons and Verified Complaint when it was retained to defend this matter on November 19, 2013.

5. The two corporate Defendants are foreign to New York and service was effectuated through CT Corporation. Despite efforts to date, we have not yet received proof of mailing to establish the precise service date, which was certainly subsequent to the dates set forth on the Plaintiff's Affidavits of Service.

6. Upon information and belief, Defendant Sarmiento is a resident of New Jersey. Plaintiff's Affidavit of Service indicates that service was effectuated by the United States Postal Service; however, to date, no acknowledgement of receipt of service has been filed pursuant to New York C.P.L.R. §312-a.

7. This office was retained to defend this matter following the facsimile transmission of the Summons and Complaint by Plaintiff's counsel to Defendants' third-party administrator on November 18, 2013. A copy of Plaintiff's transmittal letter is annexed hereto as **Exhibit "D"**. Upon information and belief, Defendants were then advised by the third-party administrator of the existence of this lawsuit, and upon assignment to this law firm, removal papers were immediately filed. Defense counsel is not aware of any prior receipt of papers for this lawsuit by the Defendants.

8.      Moreover, upon removing this action, Defendant's promptly served Plaintiff with their First Set of Interrogatories, which demands that Plaintiff set forth amounts of economic and special damages claimed. To date, Plaintiff has not responded to those interrogatories, and Plaintiff has not opposed Defendants' application for removal, which sets forth an alleged amount in controversy in excess of $75,000. Should Plaintiff concede that the alleged damages are not sufficient to meet the subject matter jurisdiction of this Court; Defendants would likewise concede that remand is proper.

9.      As set forth further herein, upon information and belief, the injury claims asserted in the within lawsuit make this a matter with a value in excess of $75,000 thereby providing this Court with subject matter jurisdiction in this removed lawsuit.

Dated: New York, New York
       December 26, 2013

                                        Respectfully submitted,

                            By:         _____/s/_____
                                        JEFFREY S. GLASSMAN (JG7498)
                                        GALLO VITUCCI KLAR LLP
                                        *Attorneys for Defendants*
                                        90 Broad Street, 3rd Floor
                                        New York, New York 10004
                                        (212) 683-7100
                                        Our File No.: (CHC) 2013-30

TO:   NOVO LAW FIRM, PC
      *Attorneys for Plaintiff*
      299 Broadway, 17th Floor
      New York, New York 10007
      (212) 233-6686
      File No.: 11-2828